**Order filed March 22, 2022.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-20-00835-CV**
_____

**J.Y, Appellant**

**V.**

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, J.C AND L.C., Appellees**

---

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-17880**

---

## ORDER

This is an attempted appeal from a judgment rendered on December 1, 2020, in a bill-of-review proceeding. Appellant Jessica Yeager brought this bill-of-review proceeding to challenge a judgment rendered in 2017 by the 314th District Court in cause number 2015-07311J. Ms. Yeager represents in her appellate brief that the case was transferred to the 313th District Court after the Hon. Michelle Moore, presiding judge of the 314th District Court, voluntarily recused herself.

The court that originally rendered judgment has exclusive jurisdiction over a bill-of-review proceeding attacking that judgment. *See, e.g.*, *Valdez v. Hollenbeck*, 465 S.W.3d 217, 224 n.8 (Tex. 2015) ("A bill of review, however, is a direct attack on a judgment and only the court rendering the original judgment has jurisdiction over the proceeding."); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010) ("Because it is a direct attack, a bill of review must be brought in the court that rendered the original judgment, and only that court has jurisdiction over the bill."). The judge of the district court that rendered the judgment being challenged in the bill-of-review proceeding may be recused or disqualified, but in that event, the proper procedure is not to transfer the case to another court, but for the recusing judge to "request the presiding judge of that administrative judicial region to assign another judge to sit, and take no further action in the case except for good cause stated in the order in which the action is taken." TEX. GOV'T CODE ANN. § 24.002. The assignment of another judge to hear the case does not itself constitute a transfer. *See id.* § 24.003(b)(2), (b)(3) (unless otherwise provided by the local rules of administration, a district judge in a county with two or more district courts may "hear and determine any case or proceeding pending in another district court in the county without having the case transferred" or may "sit for another district court in the county and hear and determine any case or proceeding pending in that court").

If the judgment in this bill-of-review proceeding was rendered by the 313th District Court rather than the 314th District Court, then we must declare the judgment void and dismiss the appeal for want of jurisdiction. *See Waite v. Waite*, 150 S.W.3d 797, 800 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). However, the record contains no order transferring the case, or alternatively, assigning another judge to hear the case without transferring it. Moreover, a print-

2

out in the clerk's record of the activity in the case as reflected in "ACT50 – Harris County (JWEB) Justice Applications" notes the following conflicting actions:

- the petition for bill of review was filed in the 310th District Court of Harris County on March 16, 2020;
- on March 19, 2020, the case was transferred to the 314th District Court;
- on August 6, 2020, the presiding judge of the 314th District Court signed an order of recusal, and the case was transferred to the 313th District Court;
- on August 12, 2020, the 314th District Court rendered an "ORDER TO APPOINT AMICUS ATTORNEY"; and
- on December 1, 2020, the 313th District Court rendered judgment.

On one hand, this document states that the case was transferred to the 313th District Court on August 6, 2020, but on the other hand, it notes that an order appointing an amicus attorney was rendered in the 314th District Court six days after the purported transfer.

On this record, we cannot be sure whether the case was in fact transferred to the 313th District Court, or alternatively, whether the district judge of the 313th District Court was simply assigned the case, and the notation of the 313th District Court in the style of the case and in the record is a mere scrivener's error resulting from the case having been heard in the courtroom of the 313th District Court by the judge assigned in place of Judge Moore. *See* TEX. R. CIV. P. 330(e) (in counties with two or more civil district courts, a district judge "may in his own courtroom try and determine any case or proceeding pending in another court without having the case transferred").

To resolve this jurisdictional question, we **ABATE** the case for fifteen days so that, if the case was merely assigned to the Hon. Natalia Cokinos Oakes, presiding judge of the 313th District Court, without having been transferred to that court, the clerk's record can be supplemented with a judgment nunc pro tunc correcting the

3

style of the case to reflect that judgment was rendered by Judge Oakes presiding over the case by assignment to the 314th District Court. Unless by **April 13, 2022**, such an order is filed in this Court or a party files a response otherwise demonstrating grounds for continuing this appeal, we will assume that the style of the case on the judgment is correct, and we will dismiss the case for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.